## W. W. Cook & Wife v. J. T. Embrey.

### Decided April 17, 1907.

**Parol Sale of Land—Specific Performance.**

A parol contract for the conveyance of land, though followed by possession and improvements, must be specific and certain, to support a right to specific performance. An agreement to make the claimant a deed to "a home" out of a large tract of land if he would take possession and protect same from depredations on the timber, etc., though alleged to mean a conveyance of 200 acres, or at least 160 acres, including his improvements, was too indefinite to authorize a recovery for any specific portion of the land.

Appeal from the District Court of Hamilton County. Tried below before Hon. N. R. Lindsey.

*Martin & George* and *H. E. Chesley,* for appellant.—The trial court erred in sustaining plaintiff's general demurrer and special exceptions to the defendants' original answer and trial amendment because said original answer and trial amendment taken together stated a good defense to plaintiff's cause of action. Wells v. Davis, 77 Texas, 636; Harold v. Sumner, 78 Texas, 581; Watson v. Baker, 71 Texas, 739; Baker v. DeFreese, 2 Texas Civ. App., 524; Baker v. Clark, 2 Texas Civ. App., 530; LaMaster v. Dickson, 17 Texas Civ. App., 473; 91 Texas, 593; Davis v. Portwood, 20 Texas Civ. App., 548.

*A. R. Eidson,* for appellee.—In order to enforce specific performance of a parol sale or contract to sell land the terms of such contract must be specific and certain. Bracken v. Hambrick, 25 Texas, 412; Edwards v. Norton, 48 Texas, 297; Taylor v. Ashley, 15 Texas, 50; Eason v. Eason, 61 Texas, 227.

KEY, Associate Justice.—Appellee brought this suit against appellants, seeking to recover a particular tract of land. Appellants' answer included a general demurrer, general denial, disclaimer as to all the land except 200 acres, which appellants claim title to under a parol contract of sale.

The answer, in substance, alleged that John and Margaret Brophy, who were then joint owners with other persons not named, made a parol contract with the defendant, W. W. Cook, to the effect that if he would take possession of the tract of land, of which the 200 acres claimed by him is a part, and would protect that and other lands owned by the Brophys and other joint owners from depredations upon the timber growing on said lands, and attend to the rendition and payment of taxes thereon, until the youngest joint owner became of age, they would make him, the defendant, a deed to a home out of said land. The answer alleged compliance with the contract by the defendant, and that he had made valuable improvements upon the 200 acres of land claimed; and he prayed for specific performance, and that he be quieted in his title to the 200 acres.

The answer failed to show that anyone agreed or promised to

convey to the defendant the 200 acres of land described in his answer, or any portion thereof. It did allege "that he now believes that his grantors meant by the expression that they would give him a home, that they would give him the usual homestead exemption provided for in the Constitution of this State, of 200 acres, and so believing he alleges it to be a fact that it was in contemplation of his grantors to deed him for his services aforesaid 200 acres of land wherever he should choose to make his home, and he says that said 200 acres including his improvements, are meted and bounded in Exhibit 'A.' He further alleges that said expression could not have meant a less number of acres than that included in the ordinary preemption of 160 acres." The allegation that he now believes that by the expression that they would give him a home it was in contemplation that they would deed him 200 acres to be selected by him, is not an allegation that such was the terms of the contract agreed upon between the parties. In fact, the defendant's averment that he *now* believes, etc., carries with it the implication that at the time the contract was made he did not so understand it. Also his averment that the expression referred to could not have meant a less number of acres than 160, is, in effect, an admission that the expression was ambiguous, and left it uncertain whether the intention was to convey 160 or 200 acres of land.

The plaintiff filed and presented a general demurrer to the defendants' answer, but the judgment shows that in presenting that demurrer, in response to a request made by the defendants' counsel, the plaintiff's counsel specifically pointed out his objections to the answer, which were (1) that it was within the statute of frauds, and did not state such equities as would take it out of that statute; (2) because it did not state what interest John and Margaret Brophy owned in the land on the 9th day of July, 1877, when the contract was alleged to have been made, and did not show who were the other joint owners, nor the respective interests of the joint owners; (3) that it did not show whether Margaret Brophy's interest in the property was her separate estate or was community property between her and John Brophy; (4) because the facts pleaded were not sufficiently certain, specific and definite to show a valid parol agreement to sell; (5) it failed to allege the number of acres covered by the contract, nor when the contract was to be performed.

The judgment recites that these objections were considered by the court as special exceptions, and were sustained, whereupon the defendant filed a trial amendment, to which the plaintiff interposed a general demurrer and two special exceptions, which were by the court sustained; and the defendants then agreed that the case might be withdrawn from the jury and judgment rendered for the plaintiffs, the defendants not waiving but preserving their exceptions to the court's action in sustaining the exceptions to their pleadings.

The trial amendment referred to avers, in substance, that, relying on the promise of the privities of the plaintiff, the defendant made the improvements on the land as set out in his original answer,

under and by virtue of the contract pleaded therein, and that such improvements had enhanced the value of the land to the extent of $1,205. It also alleged that since the making of his contract of July 9, 1877, he had faithfully performed his part thereof, and that his services so rendered were worth $1,450, and that the rental value of the land did not exceed $25 per year. It was also alleged that the allegation of joint ownership in the original answer was made under a misapprehension of fact, and that John and Margaret Brophy were sole owners of the land at the date of the contract; and he prayed, in the event it should be held that he was not entitled to recover the land, that he recover the value of his services and improvements.

As before stated, the plaintiff interposed a general demurrer and two special exceptions to the trial amendment. The special exceptions were to the effect (1) that the trial amendment failed to show facts which rendered the plaintiff liable for the money demand, and showed that the same was barred by limitation; (2) that said amendment embraced a misjoinder of causes of action.

There are no assignments of error in the record, appellant's contention being that in sustaining the exceptions urged to his pleading the trial court committed fundamental error. Accepting this contention of fundamental error as correct, we have considered the appeal, and reached the conclusion that reversible error is not shown. It may be conceded that some of the objections urged against the answer were not tenable, and should not have been sustained, but we are of opinion that the general demurrer was well taken. It is well settled that in order to enforce specific performance of a parol contract for the sale of land the terms of such contract must be specific and certain. (Bracken v. Hambrick, 25 Texas, 412; Edwards v. Norton, 48 Texas, 297; Taylor v. Ashley, 15 Texas, 50.)

The pleading under consideration failed to meet the requirements of the rule referred to, for the reason that it did not show any agreement to convey any particular or certain quantity of land, and especially any part of the 200 acres claimed in the pleading.

No error is shown and the judgment is affirmed.

*Affirmed.*